NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**JOHN M. KILLEEN,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3111

---

Petition for review of the Merit Systems Protection Board in case no. CH0831070013-A-1.

---

Decided: January 13, 2011

---

MICHAEL L. SPEKTER, Washington, DC, argued for petitioner.

ELIZABETH M. HOSFORD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

_____

Before RADER, *Chief Judge*, PLAGER and GAJARSA, *Circuit Judges*.

PLAGER, *Circuit Judge*.

The issue in this appeal from the Merit Systems Protection Board ("Board") is whether the Board properly reduced the requested award of Petitioner's attorney fees. Because the Board failed to appropriately consider the significance of Mr. Killeen's success on the merits of his case, the judgment below is *reversed*. The matter is remanded with instructions to award Mr. Killeen the full amount of the attorney fees requested.

## I. BACKGROUND

Mr. Killeen worked as an air traffic controller for 20 years. When he began his tenure in 1981, he worked full-time but later switched to part-time employment, which he maintained until he retired. Mr. Killeen retired in 2001 under a special Civil Service Retirement System provision that allows air traffic controllers to retire with an annuity after they have completed 20 years of service and reached age 50. *See* 5 U.S.C. § 8336(e). Not long after Mr. Killeen retired, the Office of Personnel Management ("OPM") notified him that they had made an error in calculating his annuity and that a new calculation had been made.

Mr. Killeen disagreed with the manner in which OPM recalculated his annuity and when OPM refused to change it, he appealed to the Board. The Board approved OPM's recalculation, *Killeen v. Office of Pers. Mgmt.*, No. CH-0831-02-0608-I-1, 2003 WL 22248819 (Sept. 23, 2003), and Mr. Killeen appealed to this court. Upon review, we

held that OPM erred in computing Mr. Killeen's annuity. *Killeen v. Office of Pers. Mgmt.*, 382 F.3d 1316, 1322 (Fed. Cir. 2004) ("*Killeen I*"). We further held that the OPM regulation, 5 C.F.R. § 831.703(f)(2), which OPM was following, was invalid, and remanded the case to the Board for further proceedings. *Id.* at 1317.

On remand, the Board ordered OPM to recalculate Mr. Killeen's annuity consistent with our decision in *Killeen I.* OPM recomputed the annuity using two separate formulas—one for Mr. Killeen's employment pre-April 7, 1986, and one for his employment post-April 6, 1986. *See* 5 C.F.R. § 831.703(a)-(e). Mr. Killeen disagreed with OPM's recalculation and filed a petition for enforcement with the Board to force OPM to comply with the Board's order to recalculate his annuity in accordance with *Killeen I. Killeen v. Office of Pers. Mgmt.*, No. CH-0831-02-0608-C-1 (M.S.P.B. Dec. 29, 2005). Mr. Killeen also requested reconsideration from OPM and in doing so he made two arguments. First, he argued that OPM erred in using two different average pay amounts in calculating pre- and post-1986 annuities. Second, he argued that § 8339(p) required the proration factor for the post-1986 annuity to be the ratio of actual hours worked after April 6, 1986, to his total service, not just the post-1986 service. The administrative judge in that action agreed with Mr. Killeen. *Killeen v. Office of Pers. Mgmt.*, No. CH-0831-02-0608-C-1 (M.S.P.B. Dec. 29, 2005). The administrative judge overturned OPM and recommended that Mr. Killeen be paid a higher annuity. *Id.* Subsequently, the Board reversed and vacated the administrative judge's recommendation, holding that OPM performed the post-April 6, 1986, annuity calculations correctly and that any additional issues related to the computation of Mr. Killeen's annuity were premature

pending OPM's reconsideration decision. *Killeen v. Office of Pers. Mgmt.*, 102 M.S.P.R. 627, 631 (2006).

Shortly thereafter, OPM issued its reconsideration decision upholding its original annuity calculations. The administrative judge once again reversed OPM's reconsideration decision and found that Mr. Killeen was entitled to a higher annuity. *Killeen v. Office of Pers. Mgmt.*, No. CH-0831-07-0013-I-1, slip op. at 5-6 (M.S.P.B. Jan. 16, 2007). Upon review, the Board disagreed with the administrative judge and reinstated OPM's reconsideration decision. *Killeen v. Office of Pers. Mgmt.*, 106 M.S.P.R. 666, 667-68 (2007). Mr. Killeen appealed the Board's decision to this court.

We disagreed with Mr. Killeen that OPM improperly used two annuity amounts to account for his pre-April 7, 1986, and post-April 6, 1986, service but agreed that OPM incorrectly calculated his annuity by limiting the proration factor to his post-1986 service. *Killeen v. Office of Pers. Mgmt.*, 558 F.3d 1318, 1324-1326 (Fed. Cir. 2009) ("*Killeen II*"). Consequently, we vacated the Board's decision and remanded with instructions to pay Mr. Killeen a higher annuity. *Id.* at 1326.

At the conclusion of this litigation, Mr. Killeen filed a motion pursuant to 5 U.S.C. § 7701(g)(1) for attorney fees for work done before the Board. The total amount of fees requested was $30,936, which considering the record is not an amount to shock the conscience of the court. In an initial decision, the administrative judge found that Mr. Killeen was a "prevailing party" and that a fee award was warranted "in the interest of justice." *Killeen v. Office of Pers. Mgmt.*, No. CH-0831-07-0013-A-1, slip op. at 6-9 (M.S.P.B. Aug. 21, 2009). In determining the reasonableness of the fees requested, however, the admin-

istrative judge held that the fee award should be reduced by 50% because Mr. Killeen prevailed on only one of his two theories. *Id.* at 10-11. Mr. Killeen petitioned the Board to review the administrative judge's decision. *Killeen v. Office of Pers. Mgmt.*, 113 M.S.P.R. 441 (2010). The Board denied the petition and made the initial decision of the administrative judge the final decision of the Board. *Id.* Mr. Killeen now appeals the Board decision denying the full amount of his requested legal fees, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of Board decisions is defined by statute. A final Board decision may be reversed if that decision is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Farrell v. Dep't of Interior,* 314 F.3d 584, 589 (Fed. Cir. 2002).

It is undisputed that Mr. Killeen was the prevailing party in this litigation. Not only did he succeed in having his annuity rate recalculated, but the specific proration factor argued by Mr. Killeen was correct and thus applied by this court. Because Mr. Killeen was unsuccessful in one of his assertions does not automatically warrant a reduction in the requested attorney fees. The net result of his efforts were successful—he sought to have his annuity rate increased and it was. While the amount of his annuity would have been higher if he had prevailed on both of his arguments, that does not mean he failed.

Reducing an attorney award when a prevailing party presents multiple legal theories and is only successful on

some of the contentions is something the Supreme Court specifically cautioned against in *Hensley v. Eckerhart*, 461 U.S. 424, 434-435 (1983). In *Hensley*, the Supreme Court criticized the District Court's use of a mathematical formula comparing the total number of issues argued with those that actually prevailed as a method for determining the attorney fee award. *Id.* at 435-36 n.11. Rather than attempt to create some sort of ratio based on the percentage of winning arguments, the courts should carefully evaluate the facts and "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435.

Mr. Killeen achieved excellent results. He prevailed in having his annuity recalculated and his efforts will undoubtedly affect other air traffic controllers who assume a part-time work schedule during their careers. Consequently, the reduction in attorney fees by the Board on the basis that Mr. Killeen failed to prevail on all of his asserted claims constitutes an abuse of discretion. We *reverse*. The Board is instructed to award the full amount of the attorney fees requested.

Each party shall bear its own costs.

**REVERSED AND REMANDED**